**Dan E. MOLDEA, Plaintiff,**

v.

**The NEW YORK TIMES COMPANY, Defendant.**

**Civ. A. No. 90–2053.**

United States District Court, District of Columbia.

Jan. 31, 1992.

### ORDER

JOHN GARRETT PENN, Chief Judge.

This case is before the Court on plaintiff, Dan E. Moldea's Motion to Amend Complaint.

After responsive pleadings have been filed "a party may amend [his] pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

Plaintiff seeks to "amend his complaint to add a new additional cause of action for breach of contract, negligent misrepresentation, promissory estoppel and interference with prospective business relations...." Motion to Amend at 1. It is settled that where a defendant has filed a dispositive motion, as here, and plaintiff has opposed it, denial of permission to amend is proper. *See Wilderness Society v. Griles,* 262 U.S.App.D.C. 277, 824 F.2d 4, 19 (1987). Further, "if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile."[1] *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Accordingly, it is hereby

ORDERED that plaintiff's motion to amend complaint is denied.

---

**1.** In support of its motion to amend, plaintiff relies upon *Cohen v. Cowles Media Company,* — U.S. ——, 111 S.Ct. 2513, 115 L.Ed.2d 586 (1991). However, that case is inapplicable and therefore does not aid plaintiff. The issue in *Cohen* was "whether the First Amendment prohibits a plaintiff from recovering damages, under state promissory estoppel law, for a newspaper's breach of a promise of confidentiality given to the plaintiff in exchange for information." *Cohen,* 111 S.Ct. at 2515. *Cohen* in no way affects First Amendment analysis of an individual's libel claim against a media defendant.